IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–00335–EWN–OES

MELANIE SANCHEZ,

      Plaintiff,

v.

CITY OF TRINIDAD and
MARIKA KURZENBERGER,

      Defendants.

---

## ORDER AND MEMORANDUM OF DECISION

---

Plaintiff's federal claims in this case arise under 42 U.S.C. § 1983.[1]  Plaintiff Melanie

Sanchez alleges that Defendants City of Trinidad and Marika Kurzenberger falsely arrested her in

violation of her statutory and constitutional rights.  This matter is before the court on (1)

Defendants' "Motion for Summary Judgment," filed December 1, 2004; (2) Defendants' "Motion

to Strike Response to Motion," filed January 1, 2005; and (3) Defendants' "Motion to Strike

Affidavits," filed June 1, 2005.  Jurisdiction is based on 28 U.S.C. § 1331 (2004).

### FACTS

On January 5, 2002, Las Animas County and Judge George Newman issued and signed a

permanent civil restraining order against Plaintiff.  (Defs.' Mot. for Summ. J. and Opening Br. in

Supp. Thereof, Statement of Undisputed Material Facts ¶ 10 [filed Dec. 1, 2004] [hereinafter

---

[1]As discussed in detail below, it is not clear that Plaintiff asserts any federal claims against
either Defendant in this case.

"Defs.' Br."], Ex. A–6 [Permanent Civil Restraining Order].)[2]  The restraining order stated that

Plaintiff "must keep a distance of at least 100 yards from [Ben Morris]." (*Id.*)  The order expired

by its terms on January 3, 2004, or "on the filing of Dist. Ct. [sic] proceedings whichever comes

[first]." (*Id.*)

On May 14, 2002, Morris called the Trinidad Police Department ("TPD") from a local

Burger King restaurant to report that Plaintiff violated the restraining order.  (*Id.*, Statement of

Undisputed Material Facts ¶ 1; Ex. A–1 [Transcript of Call].)  At this time, Defendant

Kurzenberger served as a Sergeant for the TPD.  (*Id.*, Statement of Undisputed Material Facts ¶

2, Ex. A–5 ¶ 1 [Aff. of Def. Kurzenberger].)  Later that evening, Morris went to the TPD and

provided a signed and voluntary statement wherein he alleged that while at Burger King, Plaintiff

called Morris' girlfriend, Sarah Garcia, a "bitch," and threatened to "knock her out" in violation

of the restraining order.  (*Id.*, Statement of Undisputed Material Facts ¶ 3, Ex. A–2 [5/14/02

---

[2]Plaintiff did not follow my procedural rules when responding to Defendants' motion for
summary judgment.  My procedural rules require that:

> [a]ny party opposing the motion for summary judgment shall in a section of the
> brief styled Response to Statement of Undisputed Facts, admit or deny the asserted
> material facts set forth by the movant.  The admission or denial shall be made in
> separate paragraphs numbered to correspond to movant's paragraph numbering.
> Any denial shall be accompanied by a brief factual explanation of the reasons for
> the denial and a specific reference to material in the record supporting the denial.

(*See* Practice Standards — Civil, Special Instructions Concerning Motions for Summary
Judgment ¶ 4.)  Plaintiff did not specifically admit or deny any of Defendants' facts, nor did she
proffer any facts of her own.  Plaintiff's blatant disregard for my procedural rules is perplexing
because Plaintiff's counsel has appeared before me in at least one other case wherein she complied
with my procedural rules.  *See Mark Howard v. County of Las Animas*, *et. al.*, No. 04–388, slip
op. (D. Colo. May 26, 2005).  Thus, Plaintiff's counsel's flagrant disregard with respect to my
procedural rules in this case is inexcusable.  Despite this, I have reluctantly reviewed the body of
Plaintiff's response in comparison to the facts proffered by Defendants and tried to determine
which of them are admitted as true.  I deem admitted the facts in which Plaintiff does not deny or
that are not clearly disputed by Plaintiff's credible, reliable, and admissible evidence.  I admonish
Plaintiff to comply with my procedural rules under all circumstances in the future.

Morris' Voluntary Statement to Police].)  Plaintiff admits that she called Garcia a "bitch," but she

denies that she threatened to "knock her out."  (*Id.*, Ex. A–8 ¶ 4 [Plaintiff's Answers to

Admissions].)  Garcia accompanied Morris to the TPD and signed a voluntary statement wherein,

she claimed that while at Burger King, Plaintiff spoke directly to her and said words to the effect

of "what's that bitch doing around my daughter," and threatened to "knock her out."  (*Id.*, Ex.

A–4 [5/14/02 Garcia's Voluntary Statement to Police].)  Garcia stated that Plaintiff begged

Plaintiff's daughter to come give her a kiss "so that she could leave before [they] call the police

on her."  (*Id.*)

Defendant Kurzenberger was on duty at the time Morris and Garcia came to the TPD and

she interrogated both Garcia and Morris.  (*Id.*, Ex. A–5 ¶ 4 [Aff. of Def. Kurzenberger].)  Morris

told Defendant Kurzenberger that Plaintiff confronted him at the Burger King in violation of the

restraining order.  (*Id.*, Ex. A–3 at 27–28 [Dep. of Kurzenberger].)

At that time, Defendant Kurzenberger requested a TPD dispatcher to run a computer

check for Plaintiff's name through the National Crime Information Center ("NCIC") database.

(*Id.*, Ex. A–3 at 32 [Dep. of Def. Kurzenberger].)  The purpose of running this check is to

determine if there are any outstanding warrants, restraining orders, or other reports containing

pertinent information about that suspect.  (*Id.*, Ex. A–5 ¶ 6 [Aff. of Def. Kurzenberger].)

Defendant Kurzenberger testified that at the time she contacted the TPD dispatcher, the NCIC

was "down" and the dispatcher could not complete her computer investigation.  (*Id.*, Ex. A–3 at

32–33 [Dep. of Def. Kurzenberger].)

The next day, Officer Tracy Maestas spotted Plaintiff driving in her car and pulled her

over to the side of the road.  (*Id.*, Ex. A–7 at 54–55 [Dep. of Pl.].)  Officer Maestas radioed

Defendant Kurzenberger and told her that he had found and stopped Plaintiff.  (*Id.*, Ex. A–3 at 38

[Dep. of Def. Kurzenberger].)  Upon arrival at the scene, Defendant Kurzenberger radioed a TPD

dispatcher to request a computer clearance on Plaintiff.  (*Id.*, Ex. A–3 at 40–41 [Dep. of Def.

Kurzenberger].)  The dispatcher reported back to Defendant Kurzenberger that there was a valid

restraining order in effect against Plaintiff.[3]  (*Id.*, Ex. A–3 at 39–41 [Dep. of Def. Kurzenberger].)

Defendant Kurzenberger questioned Plaintiff and she confirmed that Plaintiff had been at the

Burger King at the time in question and had spoken to Garcia.  (*Id.*, Ex. A–3 at 38–39 [Dep. of

Def. Kurzenberger].)  Defendant Kurzenberger placed Plaintiff under arrest for violation of the

restraining order and harassment.  (*Id.*, Ex. A–9 [Aff. in Supp. of Warantless Arrest].)

Unbeknownst to Defendant Kurzenberger, on or about May 2, 2002, the court vacated the

restraining order  (*Id.*, Ex. A–7 at 31 [Dep. of Pl.].)

## 2.      *Procedural History*

On May 15, 2003, Plaintiff filed a complaint in the District Court for Las Animas County,

---

[3]Plaintiff disputes this factual averment.  (Pl.'s Resp. to Defs.' Mot. for Summ. J. at 3 [filed Jan. 20, 2003] [hereinafter "Pl.'s Resp."].)  In support, Plaintiff offers the affidavit of Ranae Schulte, Plaintiff's counsel's secretary.  (Pl.'s Withdrawl of Aff. ¶ 1 [filed June 1, 2005] [hereinafter "Pl.'s Withdrawl of Aff."].)  Plaintiff contends that Schulte transcribed a telephone call wherein the dispatcher told Plaintiff's counsel that the computers were down both times Defendant Kurzenberger called.  (*Id.* at 1–2.)  Plaintiff seeks to offer Schulte's affidavit to support the truth of the matters asserted in the transcription of the telephone call.  Plaintiff's attempt to rely on this affidavit to create a disputed issue of fact is absurd.  Schulte's affidavit re-stating what the dispatcher allegedly told Plaintiff's counsel is hearsay.  *Neill v. Gibson*, 278 F.3d 1044, 1056 (10th Cir. 2001).  Thus, I will disregard this hearsay affidavit in its entirety.  I also disregard the affidavit of Madeline Hazel Padilla.  (Aff. of Madeline Hazel Padilla in Supp. of Denial of Mot. for Summ. J. [filed June 1, 2005].)  Padilla's affidavit is not relevant, in any respect, to this case.
Remarkably, Plaintiff submitted Schulte's and Padilla's affidavits after a hearing in this court in which I offered Plaintiff the opportunity to withdraw her counsel's affidavit offered for the same purpose.  Plaintiff continues to flout Federal and Local Rules of evidence and procedure despite being given notice and multiple opportunities to mend her ways.  This conduct is as incomprehensible as it is reprehensible.

Colorado. (Compl. [filed May 15, 2003] [hereinafter "Compl."].) Plaintiff's unartfully drafted complaint vaguely alleges claims for (1) false arrest against Defendant Kurzenberger, (*id.* ¶ 5), and (2) "violation of civil rights under state and federal constitutions against Defendant City of Trinidad." (*Id.* ¶ 8.) On February 24, 2004, Defendants filed a petition for removal to federal court. (Pet. for Removal [Feb. 24, 2004] [hereinafter "Pet. for Removal"].) Defendants allege that removal is proper because "Plaintiff's complaint asserts violations of federal law against Defendants pursuant to the Constitution of the United States." (*Id.* at 1.) On March 2, 2001, Defendants filed their answer to Plaintiff's complaint. (Defs.' Answer to Pl.'s Compl. [filed Mar. 2, 2001].)

On September 14, 2004, this court entered a preliminary pretrial order. (Prelim. Pretrial Order [filed Sept. 14, 2004] [hereinafter "Pretrial Order"].) Plaintiff alleged one claim in the preliminary pretrial order — false arrest. (*Id.* at 2.) The preliminary pretrial order does not mention 42 U.S.C. § 1983, the Constitutions of the United States or the State of Colorado, or any other federal or Colorado laws. (*Id.*)

On December 1, 2004, Defendants filed a motion for summary judgment. (Defs.' Br.) Defendants argue that (1) Defendant Kurzenberger had probable cause to arrest Plaintiff under either Colo. Rev. Stat. § 16–3–102 or the United States Constitution, and (2) even assuming Plaintiff alleged a valid section 1983 claim against the City of Trinidad, the City of Trinidad is immune from suit. (*Id.* at 1–2.) On January 20, 2005, Plaintiff filed her response to Defendants' motion for summary judgment. (Pl.'s Resp.) In support of her response to Defendants' motion for summary judgment, Plaintiff attached the affidavit of her counsel, Virginia Louden. (*Id.*, Ex. C [Aff. of Louden].) On February 23, 2005, Defendants filed a reply in support of their motion

for summary judgment.  (Defs.' Reply to Pl.'s Resp. to Defs.' Mot. for Summ. J. [filed Feb. 16, 2005] [hereinafter "Defs.' Reply"].)

On February 4, 2005, Defendants filed a motion to strike portions of Plaintiff's response because Plaintiff's response "relies in significant aspects on the hearsay affidavit of Plaintiff's counsel."  (Defs.' Mot. to Strike Portions of Pl.'s Resp. to Defs.' Mot. for Summ. J. [filed Jan. 25, 2005].)  On February 14, 2005, Plaintiff responded to Defendants' motion to strike, arguing that Plaintiff's counsel's affidavit fits within a hearsay exception.  (Pl.'s Resp. to Defs.' Mot. to Strike Portions of Pl.'s Resp. to Defs.' Mot. for Summ. J. [filed Feb. 14, 2005].)  On May 19, 2005, I ordered Plaintiff's counsel to reconsider the affidavit and resubmit it, persist in the affidavit, or confess the motion to strike.  (Courtroom Mins. [filed May 19, 2005].)  On June 1, 2005, Plaintiff withdrew the affidavit of Plaintiff's counsel and submitted two other affidavits. (Pl.'s Withdrawl of Aff.)

On July 13, 2005, Defendants filed a motion to strike Plaintiff's new affidavits offered in support of her response to Defendants' motion for summary judgment.  (Defs.' Mot. to Strike Aff. of Ranae Schulte and Madeline Hazel Padilla [filed July 13, 2005] [hereinafter "Defs.' Mot. to Strike"].)  Plaintiff has not filed a response.

## ANALYSIS

### 1.   *Standard of Review*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)

(2003); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc.*, 36 F.3d at 1518 (citing *Celotex Corp.*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e). "'Only disputes over facts that might affect the outcome of the suit under governing law will preclude the entry of summary judgment.'" *Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 531 (10th Cir. 1998) (quoting *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record must be viewed in the light most favorable to the nonmoving party. *Concrete Works, Inc.*, 36 F.3d at 1518 (citing *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 [10th Cir. 1990]).

**2.**  ***Plaintiff's Claims***

From the outset I note that it is not exactly clear what Plaintiff's claims for relief are in this case. Plaintiff's complaint alleges that Defendants Kurzenberger and the City of Trinidad are liable for:

> willful and wanton disregard of Plaintiff's constitutional, both state and federal, rights. . . .Further, . . . Defendant City of Trinidad has had other police officers of the City . . . harass Plaintiff by following her without cause, staring at her, and

intentionally, and/or with gross negligence, in a willful and wanton manner violate Plaintiff's civil rights under the state and federal constitutions.

(Compl. ¶¶ 7–8.)  Plaintiff's complaint references neither a specific provision of the United States or Colorado Constitutions, nor a particular Colorado statute or federal law.  (*Id.*)

The preliminary pretrial order in this case is only marginally more helpful.  (Pretrial Order at 2.)  In the preliminary pretrial order, Plaintiff asserts a claim for "false arrest."  (*Id.*)  The preliminary pretrial order does not specify any constitutional violation or a violation of Colorado or Federal law.  (*Id.*)

Plaintiff's response to Defendants' motion for summary judgment seems to make the situation a bit more clear.  (Pl.'s Resp.)  Section "III(A)" of Plaintiff's response alleges that Defendant Kurzenberger falsely arrested her in violation of Colo. Rev. Stat. § 18–6–803.5.  (*Id.* at 6–14.)  Specifically, Plaintiff alleges that "Defendant Kurzenberger's arrest of Defendant [sic] Sanchez[4] did not comport with the statutory requirements of arrests for violation of restraining order and lacked probable cause."  (*Id.* at 6.)  Section "III(B)" of Plaintiff's response to Defendants' motion for summary judgment alleges that "when an officer deprives a citizen of a constitutional right, as here with [Plaintiff's] right to be free from unreasonable searches and seizures, the municipality may be liable under 42 U.S.C. § 1983 when the officer's action carries out the government's policy or custom."  (*Id.* at 15.)  Thus, it appears based on the pleadings, preliminary pretrial order, and Plaintiff's response to Defendants' motion for summary judgment, that Plaintiff is asserting two claims in this case: (1) violation of Colo. Rev. Stat. § 18–6–803.5 against Defendant Kurzenberger; and (2) violation of 42 U.S.C. § 1983 against Defendant City of

---

[4]Plaintiff refers to "Sanchez" as Defendant.  I am not aware of a Defendant in this case by the name of "Sanchez."  I assume Plaintiff was referring to herself in this sentence.

Trinidad.  First, I evaluate Plaintiff's section 1983 claim, then I will evaluate Plaintiff's state law claim.

### a.    Section 1983 Claim

Section 1983 provides:

> Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C.A. § 1983 (2004).  To establish a claim under section 1983, a plaintiff must establish (1) a deprivation of a federal or constitutional right by (2) a person acting under color of state law.[5] *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).  Section 1983 allows a plaintiff to seek money damages from government officials who have violated his or her constitutional rights.  *Id.*

Municipalities may not be sued under section 1983 for an injury inflicted solely by its employees or agents.  *Monell v. Dep't. of Social Serv. of the City of New York*, 436 U.S. 658, 694 (1978).  It is only "[w]hen execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . the government as an entity is responsible under [s]ection 1983."  *Id.*  There is no requirement, however, that the action was taken pursuant to a long-standing or regularly applied policy of the municipality.  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986).  Municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances.  *Id.*  This is the case even when the decision was not made by its

---

[5]The parties do not dispute that Defendant city of Trinidad is a person acting under color of state law.

"properly constituted legislative body" but rather by "other officials whose acts or edicts may fairly be said to represent official policy." *Id.* Further, "the inadequacy of policy training may serve as a basis for [section] 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Allen v. Muskogee, Oklahoma*, 119 F.3d 837, 841 (10th Cir. 1997).

Plaintiff asserts, without a single citation to the record, that Defendant City of Trinidad is liable to Plaintiff under section 1983 because:

> there is both an entrenched custom and a failure to train rising to the level of deliberate indifference. Within the City of Trinidad Police Department there is an entrenched custom that the first person to call in is automatically assumed to be the victim. This is particularly true in cases of harassment, assault, and domestic violence. This is commonly known among the townspeople, and is often utilized to the disadvantage of the true innocent party. This condition has been complained about in a number of comments to various City Council members, to the Police Department itself, and in letters to the editor of the local newspaper. But even beyond this ignored custom, the City of Trinidad maintains liability for its failure to adequately train its officers in the execution and enforcement of restraining orders. This failure rises to the level of deliberate indifference that it is substantially certain to result, and actually has resulted in a constitutional violation of [Plaintiff's] Fourth Amendment rights.

(Pl.'s Resp. at 16.)  As noted above, Plaintiff does not offer any support whatsoever in support of this argument.  The basis of Plaintiff's section 1983 claim against Defendant City of Trinidad is that the City of Trinidad failed to train its officers.  (*Id.*)  Plaintiff does not rely on any admissible evidence to support her position.  Mere conclusory allegations without any supporting factual averments are insufficient to state a claim under 42 U.S.C. § 1983.  *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995) (conclusory allegations insufficient to state a cause of action).  Plaintiff's conclusory allegations merely reflect Plaintiff's frustration and opinion regarding the City of Trinidad Police Department.  (Pl.'s Resp. at 16.)  Accordingly, Defendant City of Trinidad

-10-

is entitled to summary judgment on Plaintiff's section 1983 claim.

Even assuming Plaintiff offered facts sufficient to survive summary judgment on her section 1983 claim, this claim is not properly before the court. Specifically, Plaintiff did not include this claim in the preliminary pretrial order. (Pretrial Order at 2.) The preliminary pretrial order was executed by both parties and approved by the magistrate judge. (*Id.* at 7.) The only claim mentioned in the preliminary pretrial order is "false arrest." (*Id.* at 2.)

Rule 16 of the Federal Rules of Civil Procedure provides that "[a]fter any conference held pursuant to this rule, an order shall be entered reciting the action taken. This order shall control the subsequent course of the action unless modified by a subsequent order." Fed. R. Civ. P. 16(e). An order entered pursuant to Rule 16(e) supersedes the pleadings and controls the subsequent course of litigation. *Hullman v. Board of Tr.*, 950 F.2d 665, 668 (10th Cir. 1991). The resulting pretrial order "measures the dimensions of the lawsuit, both in the trial court and on appeal." *Tyler v. City of Manhattan*, 118 F.3d 1400, 1403 (10th Cir. 1997). An issue that is not included in the pre-trial order is "not part of the case before the district court." *Gowan v. United States Dep't of Air Force*, 148 F.3d 1182, 1192 (10th Cir. 1998). Plaintiff did not include a section 1983 claim or a claim arising under the Constitution of the United States against Defendant City of Trinidad in the preliminary pretrial order. Thus, Plaintiff's section 1983 claim against Defendant City of Trinidad is not properly before this court. Accordingly, Defendant City of Trinidad is entitled to summary judgment on Plaintiff's section 1983 claims.[6]

---

[6]Moreover, under Rule 16, Plaintiff is barred from asserting a section 1983 claim or a claim arising under the Constitution of the United States against Defendant Kurzenberger. Even assuming Plaintiff intended to assert such a claim in her complaint, the preliminary pretrial order did not include such claims. (Pretrial Order at 2.) Thus, for the reasons stated above, any potential claim against Defendant Kurzenberger for violation of section 1983 or any claim arising

### b.      *Colo. Rev. Stat. § 18–6–803.5*

As discussed above, Plaintiff seems to allege a violation of Colo. Rev. Stat. § 18–6–803.5. (Pl.'s Resp. at 6–15.)  This court has jurisdiction over Plaintiff's section 1983 claim and any claim arising under the United States Constitution, under 28 U.S.C.A. § 1331, federal question jurisdiction.  Plaintiff does not assert diversity jurisdiction as a basis for her state law claim. (Compl. ¶¶ 1–2; Pet. for Removal ¶ 4.)  The record before this court reveals that the parties are not diverse.  (Pet. for Removal ¶ 4.)   My only jurisdiction over Plaintiff's state law claim, therefore, is supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

Since Plaintiff's only claims under federal law have been dismissed, and these claims provided the sole basis for this court's original jurisdiction, I decline to exercise supplemental jurisdiction over Plaintiff's claims, if any, arising under Colorado law.  28 U.S.C. § 1367(c)(3) ("[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial . . . the state claims should be dismissed as well").

### 3.    *Conclusions*

1.      Defendants' motion for summary judgment (# 21) is GRANTED.

2.      Defendants' motion to strike Plaintiff's response (# 25) is DENIED as moot.

3.      Defendants' motion to strike affidavits (# 54) is GRANTED.

4.      The clerk shall forthwith enter judgment in favor of Defendants and against Plaintiff, dismissing all federal claims with prejudice and the state claim is dismissed without

---

under the United States Constitution is barred by Rule 16.

prejudice.  Defendants may have their costs by filing a bill of costs within eleven days of the date

of this order.

Dated this 26th day of August, 2005.

BY THE COURT:


  s/ Edward  W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge